# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 1, 2002 at Jackson

## STATE OF TENNESSEE v. CURTIS HALLIMAN

**Appeal from the Circuit Court for Williamson County**
**No. II-801-244      Timothy Easter, Judge**

---

**No. M2001-03094-CCA-R3-CD - Filed March 28, 2003**

---

Following the defendant's guilty pleas to the offenses of theft over $1,000 and burglary, both Class D felonies, the trial court sentenced him to concurrent three-year terms in the Department of Correction. In this appeal, the defendant posits that minimum, two-year terms of probation, Community Corrections, or split confinement are more appropriate measures. We disagree, however, and affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID H. WELLES and ALAN E. GLENN, JJ., joined.

John H. Henderson, Franklin, Tennessee, for the Appellant, Curtis Halliman.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Matthew Colvard, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

Curtis Halliman, the defendant in this case, committed his offenses by stealing electronic equipment and musical instruments from his friend and employer, Timothy Duncan. He claimed at the sentencing hearing that he stole the items so that he could pawn them in order to obtain money to pay bills. However, he also admitted that he had a marijuana and cocaine problem at the time and that this addiction was the causative factor in his committing the offenses. Apparently, the defendant had a habit of pawning the victim's property for money and later redeeming it, but he had been unable to do so on the occasion which led to the charges in this case.

The defendant testified that he was divorced but was in the process of reconciling with his ex-wife, with whom he shares a home. He is active as a stepfather to his ex-wife's sixteen-year-old daughter. The family subsists on the defendant's income and his ex-wife's SSI and

disability benefits. They presently reside in Sparta, and the defendant claimed that the move had allowed him to get away from a bad crowd with whom he had previously associated.

The defendant recounted his educational and employment history, which includes having received a GED, some advanced training at junior and technical colleges, work in the computer field, and his present employment with Wal-Mart. The defendant claimed that he has worked in the past in more financially lucrative positions than his present employment; however, he had left his last such position in lieu of being fired after he began using drugs and making sexually explicit telephone calls to co-workers.

The defendant professed sorrow for having committed the offenses. He claimed that he had ceased drug use when apprehended for the offenses and vowed that he would be able to comply with any conditions of release that might be imposed on him as part of a non-incarcerative sentence. He indicated willingness to undergo inpatient drug rehabilitation, although he admitted that he had undergone drug rehabilitation in the past as a condition of parole for a prior offense.

The defendant admitted that he was on probation for Davidson County harassment convictions at the time he committed these offenses. The harassment convictions were related to the sexually explicit telephone calls he made to co-workers. He admitted that he had not served all the jail time that had been ordered in Davidson County and that he was in arrears on fees he had been ordered to pay in Williamson County.

The defendant's ex-wife testified that the defendant is a hard worker and that although she receives $897 a month in government benefits, his income is necessary for household maintenance. She testified that the family would survive the financial strain if the defendant were to participate in inpatient drug rehabilitation, provided he had a job waiting for him when he was released.

The presentence report reflects that the defendant has four prior misdemeanor harassment convictions and two felony robbery convictions. A probation violation warrant was pending at the time of the presentence report relative to the harassment convictions.

At the conclusion of the sentencing hearing, the trial court found that the defendant was a Range I offender. The court applied enhancement factors for the defendant's prior history of criminal convictions and behavior and the defendant's abuse of a position of public or private trust in committing the instant offenses. *See* Tenn. Code Ann. § 40-35-114(2), (16) (Supp. 2002). The court then applied a mitigating factor because the defendant's criminal conduct had not caused or threatened serious bodily injury. *See id.* § 40-35-114(1) (1997). The court then arrived at a mid-range, three-year sentences for both offenses, which he ordered to be served concurrently to each other in the absence of any evidence qualifying the defendant for consecutive sentencing.

In determining the appropriate manner of service of the sentences, the court found that the defendant should receive the presumption of favorable candidacy for alternative sentencing. *See*

*id.* § 40-35-102(6) (1997). However, the court found that this presumption was rebutted by the defendant's recent history of criminal conduct. Moreover, the court imposed incarceration based upon the defendant's past rehabilitative failure when having been sentenced to correctional measures less restrictive than confinement. *See id.* § 40-35-103(1)(C) (1997). Specifically, the court noted that the defendant committed the offenses in the present case within mere days of having been placed on probation in Davidson County. Thus, the court ordered the sentences served in the Department of Correction.

The defendant then appealed and claims that he should have received minimum, two-year sentences to be served on probation, Community Corrections, or split confinement.

We begin with a review of the pertinent law. In making a felony sentencing determination, the trial court, at the conclusion of the sentencing hearing, determines the range of sentence and then determines the specific sentence and the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the trial and the sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct involved, (5) evidence and information offered by the parties on the enhancement and mitigating factors, (6) any statements the defendant wishes to make in the defendant's behalf about sentencing, and (7) the potential for rehabilitation or treatment. *See* Tenn. Code Ann. § 40-35-210(a), (b), -103(5) (1997) and (Supp. 2002); *State v. Holland*, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).

A defendant who "is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6) (1997). However, a defendant who commits "the most severe offenses, possess[es] a criminal histor[y] evincing a clear disregard for the laws and morals of society, and [has failed] past efforts at rehabilitation" does not enjoy the presumption. *See id.* § 40-35-102(5), (6) (1997); *State v. Fields*, 40 S.W.3d 435, 440 (Tenn. 2001). Furthermore, the defendant's potential for rehabilitation or lack thereof should be examined when determining whether an alternative sentence is appropriate. Tenn. Code Ann. § 40-35-103(5) (1997). Sentencing issues are to be determined by the facts and circumstances presented in each case. *See State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review of the record with a presumption that the determinations made by the trial court are correct. *See* Tenn. Code Ann. § 40-35-401(d) (1997). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). Likewise, the trial court has an affirmative duty to state on the record, either orally or in writing, which enhancement and mitigating factors it found and its findings of fact. Tenn. Code Ann. §§ 40-35-209(c), 40-35-210(f) (Supp. 2002); *State v. Troutman*, 979 S.W.2d 271, 274 (Tenn. 1998); *State v. Russell*, 10 S.W.3d 270, 278 (Tenn. Crim. App. 1999).

In this case, the trial court carefully memorialized its consideration of the relevant factors and made detailed findings of fact on the record. Accordingly, we afford presumptive correctness to its sentencing determination.

The defendant first proposes that we should find fault with the length-of-sentence determinations made by the trial court. He does not contest the two enhancement factors applied by the trial court, but he claims that the court should have considered additional mitigating evidence inasmuch as he committed the offenses in order to provide necessities for his family or himself. *See* Tenn. Code Ann. § 40-35-113(7) (1997). The defendant claims that the uncontradicted evidence supports application of this factor. However, in staking out this position, he has apparently discounted his own testimony that the offenses were occasioned by his abuse of illicit drugs. Additionally, the defendant reported to the presentence officer, "In a nutshell, [I] had a drug problem and was not making much money, I pawned the items to pay rent. I had pawned items before and got them out and returned them when I needed money but this time I could not." The defendant explained at the sentencing hearing that any criminal behavior in his lifetime could be attributed to drug use and that when he was not using drugs, he did not engage in lawless conduct. From this evidence, the trial court acted within its province in rejecting mitigating factor (7). Obviously, the court concluded that the defendant's need for money which occasioned the current offenses was related more to his drug habit than his need to provide necessities for his family and himself. That conclusion is supported by the record.

We, therefore, find no fault with the enhancement and mitigating factors applied by the trial court. Moreover, we are unpersuaded of error in the lower court's weighing of those factors, having found the prior criminal convictions and behavior and the abuse of a position of private trust in the commission of the offenses to be more weighty and significant than the fact that the defendant did not employ violent means in committing his crimes. We must defer to the trial court's sentencing determination. *See, e.g., State v. Pike*, 978 S.W.2d 904, 926-27 (Tenn. 1998); *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1987). Affording the trial court's determination that deference, we are unpersuaded that the sentence imposed was too lengthy given the facts of the case.

We next consider whether the trial court erred in imposing incarcerative sentencing. The defendant in this case enjoys the presumption of favorable candidacy for alternative sentencing. *See* Tenn. Code Ann. § 40-35-102(6) (1997). Moreover, he is eligible for probation. *See id. § 40-35-303*(a) (Supp. 2002). Unlike the presumption of favorable candidacy for alternative sentencing in general, a defendant bears the burden of demonstrating the suitability of probation, in particular. *State v. Bingham*, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995), *overruled on other grounds by State v. Hooper*, 29 S.W.3d 1, 9 (Tenn. 2000). Evidence to the contrary of the favorable presumption for candidacy for alternative sentencing is presented by "convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation." *Id.* § 40-35-102(5) (1997).

-4-

Moreover, a sentence involving confinement is appropriate when

(A)     Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B)     Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or,

(C)     Measure less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

*Id.* § 40-35-103(1)(A) - (C) (1997).

The unfortunate fact for the defendant at bar is that despite several qualities which commend him favorably for alternative sentencing, several other facts reflect poorly on his rehabilitative potential. He was given probationary sentences in Davidson County for what he has himself confessed was drug-related misconduct a few days before continuing the unlawful drug-related behavior that led to his convictions in the present case. By his own admission, he has a history of drug abuse, which apparently leads him to engage in unlawful behavior which is harmful to others around him, such as co-workers, friends, and employers. He has been given the assistance of drug rehabilitation in the past as part of parole release for prior felony offenses, yet he has been unwilling or unable to maintain a drug-free lifestyle. Given these poor indicators for rehabilitative potential, we are not convinced that the lower court erred in finding that the presumption of favorable candidacy for alternative sentencing had been rebutted by contrary evidence. *Id.* § 40-35-102(5) (1997).

Moreover, the defendant's Davidson County probationary status at the time of the offenses supports a conclusion that he is an appropriate candidate for a sentence involving confinement. Measures less restrictive than confinement have recently been applied unsuccessfully to the defendant. *See id.* § 40-35-103(1)(C) (1997).

In his appellate brief, the defendant argues that "under the facts and circumstances of the case" a sentence less than total confinement is more appropriate. He has not, however, articulated any specific factual basis upon which we might premise a reversal of the trial court's judgment. As the appellant, it is his duty to overcome the presumptive correctness of the trial court's sentencing determination. He has not done so, and upon review of the record, no "facts and circumstances of the case" compel us to disturb the trial court's imposition of incarcerative sentencing.

For these reasons, the lower court's judgments are affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE